No. 95,890

STATE OF KANSAS, *Appellee*, v. ALFRED J. WILLIAMS, JR.,
*Appellant*.

(153 P.3d 520)

Opinion filed March 16, 2007.

*Michael J. Bartee*, of Michael J. Bartee, P.A., of Olathe, argued the cause and was on the brief for appellant.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Paul J. Morrison*, district attorney, and *Phill Kline*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Alfred J. Williams, Jr., appeals the denial of his motion to correct an illegal sentence in which he alleged that the district court lacked jurisdiction to convict and sentence him as an adult for crimes committed while he was a juvenile. Specifically, Williams argues that due process did not permit his direct prosecution as an adult. He asserts that the State was required to commence proceedings under the Kansas Juvenile Offenders Code, K.S.A. 38-1601 *et seq.* (Furse 1993), and effect a waiver hearing in the juvenile proceeding prior to the adult prosecution. Finding that Williams' sentence was not illegal, we affirm.

Williams was 17 years old in September 1995 when he committed crimes which would subsequently result in jury convictions for two counts of first-degree murder and four counts of attempted first-degree murder. Prior to committing those crimes, Williams had been adjudicated as a juvenile offender in 1994 for acts, one of which would have been a felony if he had been an adult. Therefore, the State filed charges against Williams as an adult, accompanied by an affidavit asserting the applicability of K.S.A. 1995 Supp. 38-1602(b)(3).

Williams participated in the proceedings under the Kansas Criminal Procedure Code without challenging the jurisdiction of the district court to prosecute him as an adult. After his convictions, Williams was sentenced to a hard 25 life term of imprisonment. On direct appeal, the first-degree murder convictions were affirmed, although the attempted first-degree murder convictions were remanded for a new trial. *State v. Williams*, 268 Kan. 1, 19-20, 988 P.2d 722 (1999). Williams did not challenge his adult prosecution in the direct appeal.

Subsequently, Williams filed a motion pursuant to K.S.A. 60-1507, although he did not raise an issue as to the district court's jurisdiction. The Court of Appeals affirmed the district court's denial of the 60-1507 motion. *Williams v. Nelson*, No. 89,356, unpublished opinion filed July 3, 2003.

In 2005, Williams filed the pro se motion to correct an illegal sentence which is currently before us. In denying the motion, the district court determined that Williams was not a juvenile offender for purposes of his prosecution for the September 1995 crimes, that the adult criminal court had jurisdiction, and that, therefore, the sentence imposed was not illegal.

## STANDARD OF REVIEW, TIMING, AND DEFINITION OF ILLEGAL SENTENCE

On appeal, the parties agree that the issue of whether a criminal sentence is illegal presents a question of law, subject to unlimited review. See *State v. Jones*, 272 Kan. 674, 677, 35 P.3d 887 (2001). "The court may correct an illegal sentence at any time." K.S.A. 22-3504(1).

An "illegal sentence" is a sentence: (a) which is imposed by a court without jurisdiction; (b) which does not conform to the statutory provisions, either in the character or the term of the punishment authorized; or (c) which is ambiguous with respect to the time and manner in which it is to be served. *Jones*, 272 Kan. 674, Syl. ¶ 1. Here, Williams does not challenge the character or term of his punishment or contend that his sentence is ambiguous as to the time and manner in which it is to be served. He relies solely on the contention that the district court was without jurisdiction to convict and sentence him as an adult.

## JURISDICTION AT THE TIME OF THE OFFENSE

Under the Kansas Code of Criminal Procedure, "[t]he district court shall have exclusive jurisdiction to try all cases of felony and other criminal cases under the laws of the state of Kansas." K.S.A. 22-2601. However, in 1995, the Kansas Juvenile Offenders Code provided that "proceedings concerning a juvenile who appears to be a juvenile offender shall be governed by the provisions of this code." K.S.A. 38-1604(a) (Furse 1993). Thus, the district court had jurisdiction to try Williams as an adult.

The term "juvenile offender" was defined in K.S.A. 1995 Supp. 38-1602(b), and that definition specifically excluded:

"(3) a person 16 years of age or over who is charged with a felony or with more than one offense of which one or more is a felony after having been adjudicated in a separate prior juvenile proceeding as having committed an act which would constitute a felony if committed by an adult and the adjudications occurred prior to the date of the commission of the new act charged."

Williams does not dispute that, at the time he committed the crimes in this case, he was over 16 years of age and had a prior juvenile adjudication which excluded him from the statutory definition of a juvenile offender. Indeed, he concedes that his direct prosecution as an adult was authorized by the statutes in effect at the time.

Likewise, Williams acknowledges our prior controlling decision in *State v. Lowe*, 238 Kan. 755, 715 P.2d 404 (1986), *overruled on other grounds* 242 Kan. 64, 744 P.2d 856 (1987). There, the court recognized "that the legislature may exclude any person from ju-

venile jurisdiction under certain circumstances. [Citation omitted.]" 238 Kan. at 758. Similar to Williams' circumstance, Lowe had prior adjudications which excluded him from the definition of a juvenile offender. The *Lowe* court declared that, because of the prior adjudications, "Lowe clearly had no 'juvenile offender' status; therefore, the court lacked jurisdiction to proceed under the juvenile offenders code . . . ." 238 Kan. at 758.

Here, as in *Lowe*, the district court was statutorily precluded from proceeding against Williams under the Juvenile Offenders Code. Therefore, the district court had jurisdiction to prosecute and sentence Williams under the criminal code for adults. With that jurisdiction properly in place, the ensuing sentence simply does not fit the definition of an illegal sentence.

Williams attempts to distinguish *Lowe* by asserting that the legislature is constitutionally precluded from creating a statutory bypass of the juvenile waiver hearings established in the Juvenile Offenders Code. He makes the conclusory declaration that such a bypass violates due process. However, he does not explain from whence a 17-year-old obtains a fundamental right to be adjudicated under a statutorily created juvenile code. See *Brown v. U.S.D. No. 333*, 261 Kan. 134, Syl. ¶ 5, 928 P.2d 57 (1996) (claimant must establish some property or liberty interest such that the protections of the Due Process Clause are invoked). At common law, a person 14 years old or older was deemed presumptively capable of committing a crime and the Kansas Juvenile Offenders Code is a legislative alteration of the common-law rule. See *Lowe*, 238 Kan. at 758. The legislature was not constitutionally required to include a 17-year-old recidivist in the definition of a juvenile offender.

Nevertheless, as the State points out, Williams is challenging the constitutionality of the Juvenile Offenders Code for the first time in a motion to correct an illegal sentence. He did not raise this constitutional question in the trial court, on direct appeal, or in his 60-1507 motion. See *State v. Williams*, 275 Kan. 284, 288, 64 P.3d 353 (2003) (constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review). In essence, Williams is complaining about being prosecuted as an adult, rather than seeking a correction of his sentence. We

have declared that K.S.A. 22-3504 is not a vehicle for a collateral attack on a conviction. See *State v. Nash*, 281 Kan. 600, Syl. ¶ 2, 133 P.3d 836 (2006). Similarly, that remedy is unavailable to mount an untimely constitutional challenge to the Juvenile Offenders Code.

To summarize, at the time Williams was prosecuted for the September 1995 crimes, he was excluded from the definition of a juvenile offender under K.S.A. 1995 Supp. 38-1602(b)(3), and the district court was without jurisdiction to conduct proceedings pursuant to the Kansas Juvenile Offenders Code. Accordingly, the district court had jurisdiction to prosecute and sentence Williams as an adult. The resulting sentence was not an illegal sentence subject to correction under K.S.A. 22-3504.

Affirmed.