NOT DESIGNATED FOR PUBLICATION

No. 112,743

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOSHUA HUNT,
Formerly Joshua Seymore,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed September 18, 2015. Affirmed.

*Janine Cox*, of Kansas Appellate Defender Office, for appellant.

*Todd Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BUSER, J., and WILLIAM R. MOTT, District Judge, assigned.

Per Curiam:  Joshua Hunt (formerly Joshua Seymore) (Hunt) appeals from the denial of his motion to correct an illegal sentence. Hunt claims that the district court lacked jurisdiction to convict and sentence him as an adult for crimes he committed as a juvenile.

In 1993, the State charged Hunt with two counts of robbery in 9303CR125 (1993 case). Although the offenses allegedly occurred while Hunt was under the age of 18, but over the age of 16, the State prosecuted Hunt under the adult criminal code because he had two prior adjudications, *i.e.*, 88JV221 (felony theft) and 88JV099 (robbery), which

1

expressly excluded him from the statutory definition of a juvenile offender. At the time, the Kansas Juvenile Offender Code (KJOC), K.S.A. 38-1601 *et seq.* (Ensley 1986), exempted certain classes of juveniles who would otherwise be subject to its provisions, and by virtue of K.S.A. 1991 Supp. 38-1602(b), Hunt's recidivist status placed him within the set of juveniles automatically barred from juvenile court. Specifically, K.S.A. 1991 Supp. 38-1602(b) excludes from the definition of "'[j]uvenile offender'":

> "(3) a person 16 years of age or over who is charged with a felony or with more than one offense of which one or more is a felony after having been adjudicated in two separate prior juvenile proceedings as having committed an act which would constitute a felony if committed by an adult and the adjudications occurred prior to the date of the commission of the new act charged; [and]
> "(4) a person who has been prosecuted as an adult by reason of subsection (b)(3) and whose prosecution results in conviction of a crime[.]"

Significantly, while the district court documents reference K.S.A. 1991 Supp. 38-1602(b)(3), it appears Hunt was also excluded from juvenile offender status by operation of subsection (b)(4). Hunt's confidential presentencing investigation (PSI) report indicates that at the time the offenses were committed, Hunt was on probation for a conviction of one count of battery on a law enforcement officer (Case No. 9207CR300 [1992 case]), a conviction for which he was "[a]djudicated as an adult (having two prior felonies as [a] juvenile)."

Hunt ultimately pled no contest to two counts of conspiracy to commit robbery and, after verifying that Hunt understood his rights, the charges against him, and the consequences of his pleas, the district court accepted his pleas and adjudged him guilty. Consequently, on November 5, 1993, the district court sentenced Hunt to two consecutive prison sentences of not less than 1 year or more than 2 years. However, the district court later agreed to modify Hunt's sentence by authorizing him to enter into the Labette Correctional Conservation Camp, and upon his successful completion of this program,

2

the court suspended the balance of his sentence and placed him on intensive supervised probation for a period of 3 years. But Hunt violated the terms of his probation shortly thereafter, and the district court ordered him to serve his underlying sentences. Hunt completed his sentences in 1998.

Almost 10 years later, our legislature repealed the KJOC and enacted the Revised Kansas Juvenile Justice Code (KJJC), K.S.A. 2006 Supp. 38-2301 *et seq*., and in so doing, the legislature repealed K.S.A. 1991 Supp. 38-1602(b)(3). See K.S.A. 2014 Supp. 38-2302(n). Subsequently, on June 24, 2013, approximately 20 years after Hunt's convictions became final, Hunt, an inmate at a federal correctional facility in New York, filed a pro se K.S.A. 60-1507 motion alleging that the district court lacked jurisdiction to convict and sentence him as an adult. While the statutes in effect at the time authorized his direct prosecution as an adult, Hunt contended that K.S.A. 2014 Supp. 38-2387 contains language which indicates that the KJJC applies retroactively to all proceedings commenced before January 1, 2007, unless the court finds that such application would substantially interfere with the effective conduct of judicial proceedings or prejudice a party's rights, and, thus, his convictions are now void because the KJJC does not automatically exclude recidivist offenders, such as himself, from juvenile court. K.S.A. 2014 Supp. 38-2387 provides:

> "(a) In addition to all actions concerning a juvenile offender commenced on or after January 1, 2007, this code also applies to proceedings commenced before January 1, 2007, unless the court finds that application of a particular provision of the code would substantially interfere with the effective conduct of judicial proceedings or prejudice the rights of a party, in which case the particular provision of this code does not apply and the previous code applies.
> "(b) If a right is acquired, extinguished or barred upon the expiration of a prescribed period that has commenced to run under any other statute before January 1, 2007, that statute continues to apply to the right, even if it has been repealed or superceded."

3

Hunt further maintained that retroactive application of the KJJC would be beneficial to him in connection with his federal conviction, as his 1993 case enhanced his federal sentence.

The district court summarily denied Hunt's motion because Hunt was no longer in the custody of the Kansas Department of Corrections and K.S.A. 60-1507 does not permit relief where the movant is not in custody under the challenged sentence. See *Baker v. State*, 297 Kan. 486, 491, 303 P.3d 675 (2013). Additionally, the court found that Hunt's motion was untimely under K.S.A. 60-1507(f), as Hunt waited approximately 20 years to request habeas corpus relief. Hunt subsequently moved for reconsideration, and when the district court determined that he had "not offered any new or different authorities or arguments that would cause the [c]ourt to set aside its previous order," Hunt appealed.

On June 19, 2014, a panel of this court vacated the district court's decision, under Supreme Court Rule 7.041(b) (2014 Kan. Ct. R. Annot. 65) and *State v. Breedlove*, 285 Kan. 1006, 179 P.3d 1115 (2008), and remanded the matter "to the district court with directions to construe [Hunt]'s pro se pleading as a motion to correct an illegal sentence." The panel further noted, "The district court should rule on the merits of that pleading." Consequently, the district court appointed counsel to represent Hunt, and although Hunt's original pleading and this court's order for remand dealt solely with the propriety of Hunt's convictions in the 1993 case, the district court referenced Hunt's 1992 case as well:

> "As [Hunt's] pleading was fashioned as a 60-1507 action, the court will appoint counsel (Michael Highland) to prepare and file an amended motion to be taken up in either or both cases (the court believes it should be filed in the original criminal case, but will consolidate both cases for the issue pending to ensure it is properly considered)."

4

Highland subsequently accepted the district court's invitation to expand the scope of Hunt's K.S.A. 60-1507 motion, *i.e.*, Highland filed a motion to correct an illegal sentence, alleging, in a similar fashion to Hunt's pro se pleading, that Hunt's convictions in the 1992 *and* 1993 case were "void and illegal as having been obtained without jurisdiction" by virtue of K.S.A. 2014 Supp. 38-2387 and the absence of a valid waiver hearing.

On August 21, 2014, the district court held a nonevidentiary hearing on Hunt's motion. After discovering that the parties wished to stand on their briefs, the district court denied Hunt's motion, finding that pursuant to *State v. Williams*, 283 Kan. 492, 153 P.3d 520 (2007), which the district court determined was "factually almost identical to the case at hand," Hunt was complaining about being prosecuted as an adult, rather than seeking a correction of sentence, and a motion to correct an illegal sentence is not a vehicle for a collateral attack on a conviction. The district judge further explained, "[*Williams*] clearly points out that the jurisdiction at the time of the offense controls. And I reviewed the circumstances of his prior convictions and his history, and the judge had the jurisdiction to—to sentence him under the adult code as the law existed at that time." Hunt timely appealed the district court's judgment.

Hunt contends that the district court erred when it denied his motion to correct an illegal sentence because, due to K.S.A. 2014 Supp. 38-2387, his convictions and sentences are now void as the court lacked jurisdiction under the KJJC, to convict and sentence him under the adult criminal code without a valid juvenile waiver hearing. Pursuant to K.S.A. 22-3504(1), a court may correct an illegal sentence at any time. *State v. McClelland*, 301 Kan. 815, 830, 347 P.3d 211 (2015). Whether a sentence is illegal, within the meaning of K.S.A. 22-3504, is a question of law over which this court exercises unlimited review. *Makthepharak v. State*, 298 Kan. 573, 578, 314 P.3d 876 (2013).

5

At the outset, it is necessary to address the scope of the issues before this court. As mentioned above, Hunt is appealing from the proceedings on remand, and this court's mandate directed the district court to "construe [Hunt]'s pro se pleading as a motion to correct an illegal sentence." This court further indicated that the "district court should rule on the merits of that pleading." Hunt's pro se pleading dealt solely with the propriety of the convictions and sentences he received in the 1993 case and, thus, Hunt's 1993 case is the underlying criminal case associated with the case number the district court assigned to this matter, *i.e.*, 2013CV273. Consequently, although the district court authorized Hunt to amend his pro se pleading to include a challenge to the legality of his 1992 case, this was not an issue in his first appeal and this court did not remand the case for such purpose.

There are several potential procedural pitfalls associated with the district court's decision to entertain the legality of Hunt's 1992 conviction on remand, which both parties neglected to discuss in their briefs. See *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013) (an issue not briefed by the appellant is deemed waived and abandoned). First, appellate mandate rules, a subset of judicial policy regarding law of the case which are designed to implement consistency and finality of judicial rulings, provide that "[w]hen an appellate court has remanded a case for further proceedings consistent with its mandate, a district court is obliged to effectuate the mandate and may consider only those matters essential to the implementation of the ruling of the appellate court." *State v. DuMars,* 37 Kan. App. 2d 600, 603, 154 P.3d 1120, *rev. denied* 284 Kan. 948 (2007).

Second, because Hunt's 1993 case is the underlying criminal proceeding associated with this matter, the district court did not include the file for Hunt's 1992 case within the record on appeal, and, significantly, Hunt did not request such an addition. Instead, Hunt's "Rule 3.02 Request for Additions to the Record" merely asks the district court to add "[t]he underlying criminal case file in 93-CR-125" and "[a]ll transcripts filed in the underlying criminal case 93-CR-125." See *State v. Bridges*, 297 Kan. 989, 1001,

6

306 P.3d 244 (2013) (The party claiming an error occurred has the burden of designating a record that affirmatively shows prejudicial error. Without such a record, an appellate court presumes the action of the trial court was proper.) Moreover, it is worth noting that, presumably, Hunt was fully aware that the file for his 1992 case was absent from the record on appeal because, while his brief contains a recitation of the facts for the 1993 case, he merely makes passing references to his 1992 case.

Finally, it is questionable whether Hunt's notice of appeal properly confers jurisdiction upon this court over the 1992 case. Highland filed a notice of appeal on Hunt's behalf which references 2013CV273 and provides, in pertinent part: "Notice is hereby given that . . . Hunt . . . appeals from the orders, decisions, rulings, findings, awards, and judgments made and entered by the District Court on the 21st day of August, 2014, at which date [Hunt]'s Motion To Correct Illegal Sentence was denied." Hunt then filed a pro se notice of appeal, which voices his desire to appeal "the judges [*sic*] decision/court ruling" in "Case Number 2013-CV-273 (1993Cr125)," and states: "In the event that my attorney files a similar motion as a notice of appeal please disregard this one." According to K.S.A. 2014 Supp. 60-2103(b), "[t]he notice of appeal shall specify the parties taking the appeal; *shall designate the judgment or part thereof appealed from*, and shall name the appellate court to which the appeal is taken." (Emphasis added.) Moreover, our Supreme Court has stated that it is a fundamental proposition of Kansas appellate procedure that "[a]n appellate court only obtains jurisdiction over the rulings identified in the notice of appeal. [Citations omitted.]" *State v. Bogguess*, 293 Kan. 743, 756, 268 P.3d 481 (2012). It is unclear whether Hunt's notices of appeal were sufficient to confer jurisdiction over both cases. While the reference to 2013CV273 in each of the notices of appeal filed in this case arguably limits this court's jurisdiction to issues involving the associated underlying criminal case, *i.e.*, Hunt's 1993 case, the district court's written order on Hunt's motion to correct illegal sentence states: "Case No: 2013 CV 273 (further referencing 1993 CR 125 and 1992 CR 300)."

Assuming this court is procedurally barred from entertaining Hunt's challenge to the propriety of the district court's decision as to the legality of his 1992 conviction, his allegation that his convictions and sentences in the 1993 case are void under the KJJC clearly fails. While our legislature repealed K.S.A. 1991 Supp. 38-1602(b)(3) when it enacted the KJJC, it did not repeal K.S.A. 1991 Supp. 38-1602(b)(4). See K.S.A. 2014 Supp. 38-2302(n). In fact, K.S.A. 2014 Supp. 38-2302(n) provides:

> "'Juvenile offender' means a person who commits an offense while 10 or more years of age but less than 18 years of age which if committed by an adult would constitute the commission of a felony or misdemeanor as defined by K.S.A. 2014 Supp. 21-5102, and amendments thereto, or who violates the provisions of K.S.A. 41-727, subsection (j) of K.S.A. 74-8810 or subsection (a)(14) of K.S.A. 2014 Supp. 21-6301, and amendments thereto, but does not include:
>
> (1) A person 14 or more years of age who commits a traffic offense, as defined in subsection (d) of K.S.A. 8-2117, and amendments thereto;
>
> (2) a person 16 years of age or over who commits an offense defined in chapter 32 of the Kansas Statutes Annotated, and amendments thereto;
>
> (3) a person under 18 years of age who previously has been:
>
> (A) Convicted as an adult under the Kansas criminal code;
>
> (B) sentenced as an adult under the Kansas criminal code following termination of status as an extended jurisdiction juvenile pursuant to K.S.A. 2014 Supp. 38-2364, and amendments thereto; or
>
> (C) convicted or sentenced as an adult in another state or foreign jurisdiction under substantially similar procedures described in K.S.A. 2014 Supp. 38-2347, and amendments thereto, or because of attaining the age of majority designated in that state or jurisdiction."

Accordingly, supposing the retroactivity provision in K.S.A. 2014 Supp. 38-2387 applies to Hunt, K.S.A. 2014 Supp. 38-2302(n)(3)(A) explicitly excludes him from the KJJC's definition of a juvenile offender because, as mentioned above, he was "[c]onvicted as an adult under the Kansas criminal code" in the 1992 case.

Nevertheless, even if the entirety of the district court's decision is properly reviewable, the district court still did not err because, as the district court found and the State reiterates on appeal, a motion to correct an illegal sentence is not a proper vehicle to mount a collateral attack upon a conviction. Our Supreme Court has strictly defined an "illegal sentence" as "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served' [Citation omitted.]" *Makthepharak*, 298 Kan. at 578. K.S.A. 22-3504 has "very limited applicability"; a sentence is only illegal when it fits within this definition. *State v. Davis*, 283 Kan. 767, 769-70, 156 P.3d 665 (2007).

Here, Hunt is not challenging the character or term of his punishment or alleging that his sentences were ambiguous with respect to the time and manner in which they were to be served; instead, Hunt contends that the district court lacked jurisdiction to convict and sentence him as an adult due to the passage of the KJJC. Despite K.S.A. 22-3504's limited applicability, "a pro se defendant who seeks relief under K.S.A. 22-3504 based on allegations that his or her sentence was imposed by a court that lacked jurisdiction for failure to properly certify [him or her] as an adult has made a claim that fits under the statute." *Makthepharak*, 298 Kan. at 581. In such a circumstance, "[r]eversal of conviction and remand for further proceedings" under the applicable juvenile code is the relief available to such a defendant. *Makthepharak*, 298 Kan. at 582. See *Breedlove*, 285 Kan. at 1013-14, 1017.

However, as in *Williams*, the district court had jurisdiction to convict and sentence Hunt as an adult because at the time Hunt committed his crimes, K.S.A. 1991 Supp. 38-1602(b)(3) and/or (4) expressly excluded him from the definition of a juvenile offender. See *Williams*, 283 Kan. at 493-96. Similar to Hunt, the district court convicted and sentenced Williams as an adult for crimes he committed as a juvenile under the authority

9

of K.S.A. 1995 Supp. 38-1602(b)(3). See *Williams*, 283 Kan. at 493. Although Williams neglected to challenge his adult prosecution on direct appeal or during the consideration of his K.S.A. 60-1507 motion, Williams filed a pro se motion to correct an illegal sentence several years later, which challenged the constitutionality of K.S.A. 1995 Supp. 38-1602(b)(3) on due process grounds. 283 Kan. at 492, 495. Our Supreme Court rejected Williams' argument because, *at the time Williams committed his offense*, the district court had jurisdiction, under K.S.A.1995 Supp. 38-1602(b)(3), to try him as an adult and, thus, his resulting sentence was not an illegal sentence subject to correction under K.S.A. 22-3504. 283 Kan. at 494-96. The court explained,

> "In essence, Williams is complaining about being prosecuted as an adult, rather than seeking a correction of his sentence. We have declared that K.S.A. 22-3504 is not a vehicle for a collateral attack on a conviction. [Citation omitted.] Similarly, that remedy is unavailable to mount an untimely constitutional challenge to the [KJOC]." 283 Kan. at 495-96.

Hunt attempts to distinguish *Williams* on the ground that his argument regarding the retroactivity of the KJJC is distinct from Williams' constitutional challenge to the KJOC. Yet, this difference does not appear to be material because, as the State points out, Hunt is still mounting a collateral attack upon sentences which were validly imposed at the time he committed his offenses. Hunt, like Williams, is merely complaining about the fact that he was prosecuted as an adult, rather than seeking a correction of his sentences.

In conclusion, the district court did not err when it denied Hunt's motion to correct an illegal sentence because his sentences were not imposed by a court without jurisdiction; the district court had jurisdiction, at the time Hunt committed his offenses, to convict and sentence him as an adult.

Affirmed.