NOT DESIGNATED FOR PUBLICATION

No. 114,875

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PARIS LEE BUSH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed November 4, 2016. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., LEBEN and GARDNER, JJ.

*Per Curiam*: Paris Lee Bush appeals the district court's summary denial of his motion to correct an illegal sentence. He contends he pleaded guilty to attempted conspiracy to manufacture methamphetamine—a nonexistent crime—thus the district court erred in sentencing him to conspiracy to manufacture methamphetamine. But the record shows that Bush pleaded guilty to an existing crime. We therefore affirm the district court's judgment.

1

*Procedural and factual background*

The underlying facts of this case are well known to the parties and will not be repeated in this decision. Suffice it to say that after the State charged Bush with seven drug related offenses, the parties reached a plea agreement in which the State amended the attempted manufacturing charge to conspiracy to manufacture methamphetamine. See *State v. Bush*, No. 107,935, 2014 WL 1302607, at *1 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. 1048 (2015).

At the plea hearing, the State said, "Yes, we are asking Count One be amended to Conspiracy to Manufacture Methamphetamine. As it is currently charged, it's Attempted Manufacture of Methamphetamine." The district court asked Bush if he wanted to proceed with changing his plea to guilty, and Bush replied that he did. After addressing Bush's rights, the district court asked Bush, "[H]ow do you plead in Case 06 CR 682 to the Amended Count One, Attempted Conspiracy to Manufacture Methamphetamine?" Bush replied, "Guilty."

Although the district court misspoke in asking about "attempted conspiracy to manufacture," the journal entry indicated Bush was convicted of conspiracy to manufacture methamphetamine, and the district court sentenced Bush based on that conviction. The district court granted Bush's departure and sentenced him to 36 months of probation with community corrections. Bush did not appeal his conviction or his sentence.

The State later filed a motion to revoke Bush's probation, and Bush stipulated to the violation. The district court reinstated his probation after Bush served 60 days of incarceration. Two months later, the State filed another motion to revoke and again Bush stipulated to the violations. This time the district court revoked Bush's probation and ordered him to serve his original sentence.

Thereafter, Bush filed a pro se motion to withdraw his guilty plea, raising multiple issues. As relevant to this appeal, Bush argued:

> "Furthermore, the court record would continue to show that the trial court was absolutely unfamiliar with the facts and details of Mr. Bush's case, in that the court asked Mr. Bush to plead guilty to Count (1) to the charge of . . . Attempted Conspiracy to Manufacture Methamphetamine . . . , which is a ghost charge that cannot be seen in any language of law."

After holding two evidentiary hearings on the motion, the district court found: "The plea offer proposed an amendment from attempted manufacture of methamphetamine to conspiracy to manufacture methamphetamine, a charge that carried a lesser sentence and allowed the court to depart to community corrections, an outcome the State would join in recommending." The district court denied Bush's motion to withdraw his guilty plea, finding no manifest injustice had been shown and that Bush's plea was knowingly and understandingly made.

Bush appealed the denial of his motion to withdraw his plea. This court addressed the factual basis of Bush's guilty plea of conspiracy to manufacture methamphetamine. *Bush*, 2014 WL 1302607, at *7. We noted:

> "We also find it significant to our analysis of whether manifest injustice existed to set aside the plea that Bush's statements at the plea hearing essentially provided or came very close to providing a more direct factual basis for the original and more serious charge against him of attempted manufacture of methamphetamine than they did for the conspiracy charge." 2014 WL 1302607, at *8.

Bush did not allege that the amended charge was something other than conspiracy to manufacture methamphetamine. We affirmed the denial of his motion to withdraw his plea. 2014 WL 1302607, at *9.

Bush then filed the motion from which this appeal is taken—a pro se motion to correct an illegal sentence. He argued he entered a guilty plea to attempted conspiracy to manufacture methamphetamine and six other drug related charges. He also argued there was an insufficient factual basis to support his conviction. Bush stated he was not challenging his conviction but was asking the court to vacate this portion of his sentence and order a nunc pro tunc to correct the journal entry of judgment. The district court summarily denied the motion, finding this motion raised the same issues Bush had previously raised in his motion to withdraw plea. The district court held: "This court is not required to entertain a second or successive motion for similar relief where the same ground presented in the subsequent application as determined adversely to the defendant; the prior determination was on the merits, and the ends of justice would not be served by reaching the merits of the subsequent motion." Bush timely appeals.

We agree that Bush's argument raised the same issue that Bush had previously raised and lost on the merits and that the ends of justice did not require the district court to reach the merits of this issue. Nonetheless, in the exercise of our discretion we examine the merits of Bush's claim.

*Was Bush convicted of a nonexistent crime*?

When a district court summarily denies a motion to correct illegal sentence, an appellate court's review is de novo because it has the same access to the motion, records, and files as the district court. *Makthepharak v. State*, 298 Kan. 573, 577, 314 P.3d 876 (2013).

> "An 'illegal sentence' is a sentence: (a) which is imposed by a court without jurisdiction; (b) which does not conform to the statutory provisions, either in the character or the term of the punishment authorized; or (c) which is ambiguous with

4

respect to the time and manner in which it is to be served. [Citation omitted.]" *State v. Williams*, 283 Kan. 492, 494, 153 P.3d 520 (2007).

Bush contends that the district court lacked jurisdiction to convict him because he pleaded guilty to the nonexistent crime of "attempted conspiracy."

Bush relies solely on the district court's misstatement in its question at his plea hearing and on Bush's own reference to a "ghost charge" in his pro se motion to withdraw his plea. Yet, the plea agreement clearly reflects that the amended charge was conspiracy to manufacture methamphetamine. At the sentencing hearing, Bush stated he pleaded guilty to the amended charge of conspiracy to manufacture methamphetamine. The district court sentenced him on count one to 156 months' imprisonment, suspended the sentence, and ordered him to serve 36 months' probation. Bush pleaded guilty to conspiracy to manufacture methamphetamine, which is a crime found in K.S.A. 2006 Supp. 21-3302 and K.S.A. 2006 Supp. 65-4159. Both the journal entry of judgment and the transcript from the sentencing hearing reflect that the district court sentenced Bush on this conviction. See *State v. Hall*, 298 Kan. 978, 986, 319 P.3d 506 (2014) (a sentence is effective upon pronouncement from the bench). The record on appeal clearly shows Bush received a departure sentence on his conviction of conspiracy to manufacture methamphetamine. Thus, Bush was never convicted of or sentenced on a nonexistent crime.

Moreover, Bush is improperly using the motion to correct an illegal sentence as an attempt to collaterally attack his conviction. A motion to correct an illegal sentence "is not a vehicle for a collateral attack on a conviction." *Williams*, 283 Kan. at 495-96. Bush alleges this court should vacate his sentence because he was convicted of a nonexistent crime. Thus, the issue is really with his conviction, rather than with his sentence.

Finding no merit to Bush's allegations, we affirm.