IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,351

STATE OF KANSAS,
*Appellee*,

v.

LOUIS COTTON,
*Appellant*.

SYLLABUS BY THE COURT

1.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which an appellate court has unlimited review.

2.

An illegal sentence is defined as (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the authorized punishment; or (3) a sentence that is ambiguous concerning the time and manner in which it is to be served.

3.

Under the facts of this case, the district court did not err in summarily denying defendant's motion.

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed April 14, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, argued the cause and was on the brief for appellant.

*Sheryl L. Lidtke*, chief deputy district attorney, argued the cause, and *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: Twenty-six years after his convictions, Louis Cotton filed two pro se motions entitled "motion to set aside a void judgment." The district court summarily denied both as untimely filed. Cotton acknowledges they are indeed too late when considered as motions (1) to arrest judgment or (2) for judgment of acquittal. So he asks this court to treat the single motion at issue in this appeal as one to correct an illegal sentence. While such a motion would be timely filed, it is the wrong vehicle for bringing Cotton's particular arguments. So we affirm the district court's summary denial, albeit for a different reason.

FACTS AND PROCEDURAL BACKGROUND

On September 13, 1988, Cotton pled guilty to three counts of forgery. On November 4, 1988, a jury convicted him of one count of aggravated burglary, one count of unlawful weapons possession, two counts of aggravated robbery, one count of felony theft, and one count of first-degree murder. The district court sentenced Cotton to 3 to 15 years for each count of forgery, 15 to 60 years for aggravated burglary, 9 to 30 years for unlawful firearm possession, 45 years to life for each count of aggravated robbery, 3 to 15 years for felony theft, and 3 life sentences for first-degree murder. We affirmed Cotton's convictions in his direct appeal to this court in *State v. Cotton*, No. 63,648 (Kan. May 25, 1990) (unpublished opinion).

2

In 2014, 26 years after his convictions, Cotton filed with the district court two pro se motions entitled "motion to set aside a void judgment." Cotton concedes the first, filed October 20th, is not properly before this court because it duplicates a motion the district court denied in 2002.

Cotton's second motion, filed December 4, included eight arguments for why his "convictions should not have been sustained." He claimed the district court erred when it: (1) allowed the prosecution to repeatedly ask questions of Cotton regarding the credibility of witnesses and then attack him for those answers; (2) lowered the burden of proof by incorrectly defining "deliberately" and "premeditation" in the jury instructions; (3) allowed the prosecution to lower its burden of proof when it defined "reasonable doubt" in closing arguments; (4) did not require the prosecutor to prove "corpus delicti," thereby lowering the burden of proof; (5) allowed the prosecution to "express judicial approval of the [p]rosecution's case"; (6) allowed the prosecution to state facts not in evidence; (7) allowed the prosecution to "put forth evidence at trial that a death was from a 'homicide'"; and (8) allowed cumulative errors that prejudiced the defendant's ability to obtain a fair trial.

The district court's memorandum decision summarily denied Cotton's motion because, however characterized, it was untimely filed:

> "Defendant's Motion to Set Aside a Void Judgment is considered by this Court and the same is denied. A motion for arrest of judgment is *time barred* as Defendant is past the deadline to file such a motion. Similarly, as the State points out a motion for judgment of acquittal is procedurally defective as Defendant has not complied with the *statutory time constraints*. Defendant appears *past any deadline* for post-conviction relief." (Emphasis added.)

Cotton appeals that decision.

This court's jurisdiction is proper under K.S.A. 2015 Supp. 22-3601(b)(3) (maximum sentence of life imprisonment imposed).

More facts will be added as necessary to the analysis.

ANALYSIS

Cotton's counsel conceded at oral argument before us that the district court correctly denied his motion as untimely if considered as a motion to arrest judgment or motion to acquit—*i.e.*, the statutes Cotton cited as authority in his original motion. See K.S.A. 22-3502 and 22-3419. We agree.

So Cotton asks us to construe his motion as one to correct an illegal sentence under K.S.A. 22-3504. Such a motion would not be subject to those same time constraints. See *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016) ("'[A]n illegal sentence issue may be considered for the first time on appeal.'"). If we treat it so, Cotton contends he is entitled to a reversal and new trial. In the alternative, he contends that his arguments at least warrant a remand to the district court for findings of fact and conclusions of law.

The State responds that Cotton's arguments are inappropriately brought in a motion to correct an illegal sentence.

*Standard of review*

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *Gray*, 303 Kan. at 1013 (citing *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 [2014]). We review de novo a

4

district court's summary denial of such a motion because we examine the same motion, records, and files as the district court. 303 Kan. at 1013-14.

*Discussion*

K.S.A. 22-3504(1) provides:

"The court may correct an illegal sentence at any time. The defendant shall receive full credit for time spent in custody under the sentence prior to correction. The defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence."

K.S.A. 22-3504 only applies if a sentence is illegal, which this court has narrowly defined as:

"'"(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served."'" *Gray*, 303 Kan. at 1014.

See also *Makthepharak v. State*, 298 Kan. 573, 578, 314 P.3d 876 (2013).

For purposes of this appeal, we assume without deciding that Cotton's motion to set aside a void judgment can be construed as a motion to correct an illegal sentence under K.S.A. 22-3504(1).

Cotton contends that his arguments fall under the first definition of an illegal sentence—*i.e.*, the district court lacked jurisdiction to render a sentence. He argues the eight errors made by the trial court deprived him of a "full and fair trial" and violated his

5

due process rights, thus making his sentence illegal. The State responds that Cotton's arguments actually attack his convictions and therefore do not fit within the definition of an illegal sentence. We agree with the State.

This court has held that a motion to correct an illegal sentence under K.S.A. 22-3504 "is solely a vehicle to correct a sentence. It is not a mechanism to reverse a conviction." *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014); see *State v. Williams*, 283 Kan. 492, 495-96, 153 P.3d 520 (2007) ("We have declared that K.S.A. 22-3504 is not a vehicle for a collateral attack on a conviction."). The eight grounds Cotton argues in his motion plainly attack his convictions, not his sentence. So a motion to correct an illegal sentence is the wrong vehicle for such an attack.

Additionally, Cotton claims the district court lacked jurisdiction to impose his sentence because it was rendered in violation of due process. But this court has held that a claim of a due process violation cannot be remedied in a motion to correct illegal sentence. See *State v. Hankins*, 304 Kan. 226, 230-31, 372 P.3d 1124 (2016); see also *State v. Mitchell*, 284 Kan. 374, 377, 162 P.3d 18 (2007) ("Because the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision, a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence.").

In sum, Cotton's particular claims are not properly raised through a motion to correct an illegal sentence. Although the district court did not deny his motion on this specific basis, it correctly denied relief. See *State v. Deal*, 286 Kan. 528, 530-31, 186 P.3d 735 (2008) ("[W]here the district court reaches the right result, albeit for the wrong reason, it will not be reversed.").

Accordingly, we affirm the district court's decision to summarily deny Cotton's motion.

ROSEN, J., not participating.

MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 114,351 vice Justice Rosen under the authority vested in the Supreme Court by K.S.A. 20-2616.