NOT DESIGNATED FOR PUBLICATION

No. 117,177

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL WASHINGTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed September 29, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON and GREEN, JJ.

PER CURIAM: Michael Washington appeals the trial court's denial of his motion to correct illegal sentence. We granted Washington's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has not responded to Washington's motion.

On May 6, 2016, Washington pled guilty to distribution of 3.5 grams of methamphetamine, a severity level 2 drug felony. When establishing the factual basis at the plea hearing, Washington stated, "I distributed three-and-a-half grams of methamphetamine." Washington stated or confirmed in response to the trial court's

1

questions that the amount was 3.5 grams six different times. The trial court granted Washington's motion for a downward durational departure and sentenced him to a 96-month term of imprisonment.

On July 6, 2016, Washington moved pro se to correct illegal sentence, arguing that the trial court should resentence him to a severity level 3 drug offense because the Kansas Bureau of Investigation laboratory report revealed that he had only 3.48 grams of methamphetamine in his possession. K.S.A. 2016 Supp. 21-5705(d)(3)(B) states a conviction under K.S.A. 2016 Supp. 21-5705(a)(1) for any material containing methamphetamine that is at least 1 gram but less than 3.5 grams is a severity level 3 drug felony, and under K.S.A. 2016 Supp. 21-5705(d)(3)(C) any material containing methamphetamine amounts of at least 3.5 grams but less than 100 grams is a severity level 2 drug felony.

On January 4, 2017, the trial court held an evidentiary hearing on Washington's motion to correct illegal sentence. At this hearing, Washington stated he did not wish to withdraw his plea. The trial court denied Washington's motion holding that Washington's conviction and sentence was "a product of a bargained for and considered plea agreement." The trial court also found that a motion to correct illegal sentence was not the proper remedy here because Washington was convicted of a severity level 2 drug felony and he was sentenced accordingly. Moreover, Washington received a downward durational departure sentence. Washington appealed.

On appeal, Washington argues that the trial court erred in denying his motion to correct illegal sentence. Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which an appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). An "illegal sentence," as contemplated by K.S.A. 22-3504(1), is as follows:

"(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served." *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014).

Here, Washington challenges his conviction of a level 2 drug offense, arguing it should be a level 3 drug offense. Nevertheless, as Washington acknowledges, our Supreme Court "has repeatedly stated that the relief available under K.S.A. 22-3504 is correction of a sentence, not reversal of a conviction." *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013); see also *State v. Williams*, 283 Kan. 492, 495-96, 153 P.3d 520 (2007) (holding K.S.A. 22-3504 is "not a vehicle for a collateral attack on a conviction"). Washington does not allege his sentence is illegal under one of the three grounds set forth in *Taylor*. Instead, he takes issue with his plea. This is not a proper basis for a motion to correct illegal sentence. Thus, the trial court did not err in denying Washington's motion to correct illegal sentence.

Affirmed.