IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 122,444

STATE OF KANSAS,
*Appellee,*

v.

ADAM N. VALDEZ,
*Appellant.*

SYLLABUS BY THE COURT

1.

Assertions of error on appeal are abandoned if the litigant fails to argue or brief them.

2.

A defendant may not bring a claim that the evidence was insufficient to support a conviction in a motion to correct an illegal sentence under K.S.A. 2020 Supp. 22-3504.

3.

An erroneous certification of a juvenile defendant as an adult cannot render a resulting sentence illegal under the narrow definition of an illegal sentence under K.S.A. 2020 Supp. 22-3504.

4.

While courts must liberally construe pro se pleadings, courts need not surmise all possible interpretations of a pro se pleading if a defendant has styled his or her motion as one for relief under a specific statute and advances substantive arguments related to that specific statute.

1

Appeal from Finney District Court; WENDEL W. WURST, judge. Opinion filed November 12, 2021. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, was on the brief for appellant.

*Tamara S. Hicks*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.:  In 1996, a Finney County jury convicted Adam N. Valdez of first-degree murder, aggravated kidnapping, conspiracy to commit first-degree murder, conspiracy to commit aggravated kidnapping, aggravated robbery, and aggravated battery. In the nearly 25 years following his convictions, Valdez has petitioned the courts several times for various forms of relief. Most recently, in 2017, Valdez brought a pro se motion to correct an illegal sentence under K.S.A. 22-3504 which the district court summarily denied. Valdez appeals, and additionally argues that the district court improperly construed his pro se motion.

Today, we affirm the district court's summary denial of Valdez' motion.

FACTUAL AND PROCEDURAL BACKGROUND

Valdez was convicted in 1996 for his involvement with a group of people who beat up the victim at a party, drove him to a field, ran over him with a car several times, and left him to die. Valdez, who was 17 at the time, was charged as a juvenile, then certified to be tried as an adult. Valdez was convicted and sentenced to a hard 40 life sentence for first-degree murder, a 97-month consecutive sentence for aggravated kidnapping, a 73-month concurrent sentence for conspiracy to commit murder, a

2

concurrent 49-month sentence for conspiracy to commit aggravated kidnapping, a consecutive 49-month sentence for aggravated robbery, and a consecutive 43-month sentence for aggravated battery. His convictions and sentence were affirmed on direct appeal. *State v. Valdez*, 266 Kan. 774, 776-78, 977 P.2d 242 (1999).

In 2000, as a result of Valdez' first K.S.A. 60-1507 motion, the Kansas Court of Appeals reversed Valdez' conviction for conspiracy to commit aggravated kidnapping, finding it multiplicitous, and finding appellate counsel was ineffective for failing to raise the issue on direct appeal. See *Valdez v. State*, No. 88,728, unpublished opinion filed July 3, 2003, slip op. at 11-13 (Kan. App.). Valdez brought a second K.S.A. 60-1507 motion in 2003, which the district court and Court of Appeals denied. *Valdez v. State*, No. 94,144, 2006 WL 265241 (Kan. App. 2006) (unpublished opinion). Then, Valdez unsuccessfully sought relief through habeas actions in the United States District Court. *Valdez v. McKune*, No. 06-3103-JTM, 2007 WL 1586054 (D. Kan. 2007) (unpublished opinion); *Valdez v. McKune*, No. 06-3103-JTM, 2007 WL 2174962 (D. Kan. 2007) (unpublished opinion); *Valdez v. McKune*, 266 Fed. Appx. 735 (10th Cir. 2008) (unpublished opinion).

In 2017, proceeding pro se, Valdez filed the present motion to correct an illegal sentence. The district court summarily denied the motion. Valdez directly appealed as a matter of right. K.S.A. 2020 Supp. 22-3601(b)(3).

ANALYSIS

On appeal, Valdez challenges the district court's summary denial of his motion to correct an illegal sentence. Valdez also argues that the district court erred in declining to construe his motion as one under K.S.A. 2020 Supp. 60-1507.

In his motion to correct an illegal sentence, Valdez advanced five different grounds for relief: (1) the charging document was defective for failing to establish jurisdiction; (2) the court lacked jurisdiction to impose the hard 40 because it did not require proof beyond a reasonable doubt of all facts necessary for each element of each crime; (3) the State's notice of intent to seek a hard 40 sentence did not conform to statutory provisions and therefore the resulting sentence also did not conform to statutory provisions; (4) his convictions for premeditated first-degree murder and aggravated kidnapping are statutorily barred as multiplicitous; and (5) the juvenile court lacked jurisdiction to certify him as adult because the charging document contained a jurisdictional defect and the certification proceedings failed to conform to statutory provisions.

Whether a sentence is illegal is a question of law subject to unlimited review. *State v. Donahue*, 309 Kan. 265, 267, 434 P.3d 230 (2019). When a district court summarily denies a motion to correct an illegal sentence, appellate review is de novo because the reviewing court has access to the same documents as the district court. *State v. Trotter*, 296 Kan. 898, 901, 295 P.3d 1039 (2013).

Valdez abandoned three of his assertions of error on appeal because he failed to argue or brief them. See *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020) ("Issues not briefed or not adequately briefed are deemed waived or abandoned." [citing *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019)]). Therefore, we need not consider Valdez' claims concerning the allegedly defective charging document; the alleged lack of jurisdiction based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); or Valdez' claim that his convictions for first-degree murder and aggravated kidnapping are multiplicitous. Each argument fails on the merits. See *State v. Hayes*, 312 Kan. 865, 868-69, 481 P.3d 1205 (2021) ("This court has long held the plain language of this narrow [motion for illegal sentence] statutory definition does not include a claim that the sentence is illegal because it violates a constitutional

4

provision," and in any event, "*Apprendi* does not apply to cases final before the date it was filed."); *State v. Laughlin*, 310 Kan. 119, 124, 444 P.3d 910 (2019) ("[M]ultiplicity challenges fall outside the scope of a motion to correct an illegal sentence."); *State v. Dunn*, 304 Kan. 773, 811, 375 P.3d 332 (2016) ("Charging documents do not bestow or confer subject matter jurisdiction on state courts to adjudicate criminal cases; the Kansas Constitution does."); *State v. LaMae*, 303 Kan. 993, Syl. ¶ 2, 368 P.3d 1110 (2016) ("A defective charging document claim is not properly raised in a motion to correct an illegal sentence.").

Valdez next asserts that the State's notice of intent to seek a hard 40 life sentence did not adequately inform him of the evidence the State would rely on to establish the aggravating factors, and that the evidence was insufficient to establish those factors. Valdez contends that this renders the resulting sentence illegal because the notice of intent did not conform to the statutory requirements.

Despite Valdez' attempt to frame this issue in terms of sentence illegality due to nonconformity with statutory provisions, he is actually raising a "sufficiency of the evidence" argument and fails to demonstrate the resulting sentence itself does not conform to statutory provisions. A claim that the evidence was insufficient to support a conviction does not fit within the narrow definition of illegal sentence because it amounts to an impermissible collateral attack on the conviction, not the sentence. See *State v. Ford*, 302 Kan. 455, 467, 353 P.3d 1143 (2015) ("[A] motion to correct an illegal sentence cannot be used to set aside a conviction.").

Valdez' fifth and final argument also fails. Valdez, age 17 at the time of the crime, was first charged in juvenile court, then certified to stand trial as an adult. Valdez now argues that errors in the certification proceedings deprived the court of jurisdiction to sentence him. Valdez concedes that he had notice, was physically present at a certification hearing, and was assisted by counsel, but argues the certification proceeding

was still inadequate because of the multiplicity of the conspiracy charges, and that his counsel was ineffective for failing to challenge the defective charging document.

In other words, Valdez' fifth argument repeats arguments he already raised. As noted, Valdez has obtained relief from the multiplicity problem. See *Valdez*, No. 88,728, slip op. at 13, 18. And even if that multiplicity problem somehow rendered the process used to certify Valdez as an adult erroneous, an erroneous certification cannot render a resulting sentence illegal under the narrow definition of an illegal sentence under K.S.A. 2020 Supp. 22-3504.

In *State v. Williams*, 283 Kan. 492, 153 P.3d 520 (2007), the defendant challenged the constitutionality of the Kansas Juvenile Offenders Code that was in effect at the time of his conviction, but did so through a motion to correct an illegal sentence under K.S.A. 22-3504. We held such a claim was a collateral attack on the conviction, not the sentence, and the remedy sought was unavailable through a motion to correct an illegal sentence. 283 Kan. at 495-96. Although Valdez' claim involves errors in the certification procedure itself, rather than the overall constitutionality of the act, the result is the same. Valdez is collaterally attacking his underlying convictions, not his sentence. As such, his motion to correct an illegal sentence under K.S.A. 22-3504 fails.

For these reasons, we affirm the district court's summary denial of Valdez' pro se motion to correct an illegal sentence.

Finally, on appeal, Valdez challenges the district court's construction of his pro se pleading. Whether a district court properly construed a pro se pleading is a question of law subject to unlimited review. *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019). Courts should construe pro se pleadings according to their contents and the relief requested, rather than based on a formulaic, rigid adherence to their labels. But this deference has limits, and courts are "not required to divine every conceivable

6

interpretation of a motion, especially when a litigant repeatedly asserts specific statutory grounds for relief and propounds arguments related to that specific statute." 310 Kan. at 18.

In this case, not only did Valdez explicitly style his motion as one for relief from an illegal sentence under K.S.A. 22-3504, the substantive content of the motion proceeded under that statute as well.

Indeed, Valdez repeatedly argued that various defects in his underlying case led to a lack of jurisdiction and a lack of compliance with statutory sentencing provisions. On appeal, Valdez asks us to find error because the district court did not consider other possible claims that might have been made under other statutory provisions permitting collateral relief. We decline. The district court properly construed the motion according to its form and substance.

Affirmed.