NOT DESIGNATED FOR PUBLICATION

No. 124,119

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHRISTOPHER PARTRIDGE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; DAVID A. RICKE, judge. Opinion filed April 22, 2022. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Cheryl M. Pierce*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN, J., and RICHARD B. WALKER, S.J.

PER CURIAM: Christopher Partridge appeals the Butler County District Court's denial of his motion for habeas corpus relief under K.S.A. 60-1507. Partridge argues ineffective assistance of trial and appellate counsel prejudiced his ability to obtain a fair trial. After carefully reviewing the record, we are not persuaded by Partridge's complaints and thus affirm the district court's decision.

1

A panel of our court set out the relevant circumstances leading to Partridge's convictions in detail in its opinion on Partridge's direct appeal. *State v. Partridge*, No. 117,645, 2018 WL 6424003, at *1 (Kan. App. 2018) (unpublished opinion), *rev. denied* 310 Kan. 1068 (2019). We will not repeat those details, but only provide a brief synopsis of Partridge's case.

Partridge has a relative, B.C., who frequently visited the residence Partridge shared with his girlfriend, his father, and an uncle. Evidence showed that when B.C. was 13 years old, Partridge began injecting him with methamphetamine and engaging in various sex acts. The sexual abuse ended when B.C. was 15 years old because B.C. was strong enough to fight off Partridge's sexual advances.

In a subsequent police interview, Partridge admitted to providing methamphetamine and injecting B.C. on at least three occasions. He also admitted to engaging in sexual acts with B.C. on at least one occasion and attempting them on multiple occasions. Police also interviewed Partridge's girlfriend, who reported that Partridge confessed to her that he had committed sexual acts with B.C. Partridge admitted that he had confessed to his girlfriend that he committed sexual acts with B.C. Though she did not mention it in her police interview, Partridge's girlfriend also testified at trial that she had observed Partridge inject B.C. with methamphetamine on one occasion.

The State charged Partridge with two counts of aggravated criminal sodomy, two counts of criminal threat, and two counts of aggravated endangering a child. The jury convicted Partridge of both aggravated criminal sodomy charges and both aggravated endangering a child charges. The district court sentenced Partridge to a controlling prison term of 299 months followed by lifetime postrelease supervision.

Partridge appealed, arguing the State's evidence was insufficient to support the aggravated criminal sodomy convictions, challenging the district court's omission of a limiting instruction, and contending that the use of his prior convictions to enhance his sentence was unconstitutional. A panel of our court affirmed Partridge's convictions and sentences. *Partridge*, 2018 WL 6424003, at *6. The Kansas Supreme Court denied Partridge's petition for review. The appellate court mandate issued on October 15, 2019.

About seven months later, Partridge filed a motion for habeas corpus relief under K.S.A. 60-1507, raising multiple allegations of ineffective assistance of counsel. Specifically, he contended that his trial counsel failed to investigate his mental health history, failed to obtain a competency evaluation, failed to procure an expert witness to testify about Partridge's mental health and substance addiction, failed to object to the prosecutor's improper statements during closing argument, and failed to procure expert testimony to impeach B.C.'s ability to recall past events based on methamphetamine use. Partridge also alleged ineffective assistance of appellate counsel because counsel did not raise any of these issues in Partridge's direct appeal. Partridge provided a memorandum in support of his motion.

Because Partridge raised multiple allegations of ineffective assistance of counsel, the district court appointed Partridge counsel and held an evidentiary hearing on his claims. Partridge's trial counsel and Partridge testified at the hearing. After the hearing, the district court issued an order denying Partridge's motion for habeas corpus relief under K.S.A. 60-1507.

Partridge has timely appealed the district court's denial of his motion.

ANALYSIS

On appeal, Partridge limits his claim of ineffective assistance of counsel to the allegations related to prosecutorial error in closing arguments. By failing to brief the other allegations of ineffective assistance of counsel raised in his motion, he has waived or abandoned those allegations as a basis for relief. See *State v. Valdez*, 314 Kan. 310, 312, 498 P.3d 179 (2021).

The district court denied Partridge's motion for habeas corpus relief under K.S.A. 60-1507 after a full evidentiary hearing. In such cases, we conduct a mixed review, giving deference to the district court's factual findings if those findings are supported by evidence in the record but conducting unlimited review of the district court's legal conclusions based on those facts. See *State v. Dinkel*, 314 Kan. 146, 148, 495 P.3d 402 (2021).

Typically, a habeas corpus proceeding is not used as a substitute for a direct appeal to correct mere trial errors, which would include allegations of prosecutorial error in closing arguments. An exception to this general rule authorizes consideration of an issue that might have been raised in a direct appeal if the issue implicates constitutional rights and exceptional circumstances excuse the failure to raise the issue on direct appeal. Kansas Supreme Court Rule 183(c)(3) (2022 Kan. S. Ct. R. at 242). The right to competent counsel in criminal proceedings is protected by the Sixth and Fourteenth Amendments to the United States Constitution. *Khalil-Alsalaami v. State*, 313 Kan. 472, 484-85, 486 P.3d 1216 (2021). A successful claim of ineffective assistance of counsel, therefore, establishes the requisite exceptional circumstances to permit appellate consideration of the issue. See *Trotter v. State*, 288 Kan. 112, 127, 200 P.3d 1236 (2009). Thus, we will proceed to consider Partridge's claims.

To establish a claim of ineffective assistance of counsel, a claimant must show that counsel's representation was objectively deficient and that the deficient representation prejudiced the legal proceedings—whether those proceedings involved a criminal trial or an appeal. See *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Dinkel*, 314 Kan. at 148 (trial counsel); *Khalil-Alsalaami*, 313 Kan. at 526-27 (appellate counsel).

Judicial review of legal representation is highly deferential to counsel. The reviewing court must try to eliminate the distorting effects of hindsight to assess counsel's performance from counsel's perspective at the time the performance was rendered. In establishing deficient representation, a claimant must overcome a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Dinkel*, 314 Kan. at 148 (quoting *Fuller v. State*, 303 Kan. 478, 488, 363 P.3d 373 [2015]).

Once the claimant has overcome the presumption and established that counsel's representation was objectively deficient, he or she must next show that counsel's deficient performance was prejudicial. To establish prejudice, the claimant must demonstrate a reasonable probability that without the deficient performance the outcome of the proceeding would have been different. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Khalil-Alsalaami*, 313 Kan. at 486 (quoting *Edgar v. State*, 294 Kan. 828, 838, 283 P.3d 152 [2012]).

Although Partridge challenges the representation of both trial counsel and appellate counsel for failing to raise the issue of prosecutorial error, the analysis is essentially the same for both. Appellate counsel may raise an issue of prosecutorial error in closing arguments on appeal even when the issue was not properly preserved by a contemporaneous objection. *State v. Wilson*, 309 Kan. 67, 73, 431 P.3d 841 (2018); *State v. Miller*, 293 Kan. 535, 550, 264 P.3d 461 (2011) ("Because an objection is not required

5

for alleged prosecutorial misconduct during opening and closing argument, we need not consider whether Miller's second claim of misconduct was preserved."). But appellate counsel provides deficient representation for failing to raise an appellate issue only if the issue possesses legal merit. *Khalil-Alsalaami*, 313 Kan. at 527 ("[A]ppellate attorneys are not required to raise issues that are weak, meritless, or would result in only harmless error.").

Similarly, trial counsel provides deficient representation by failing to object to prosecutorial comments in closing arguments only if the comments constituted prejudicial error. *Kangas v. State*, No. 121,601, 2020 WL 5994214, at *3 (Kan. App. 2020) (unpublished opinion) ("Kangas claims Brown's failure to object to the prosecutor's alleged vouching for its witnesses' credibility establishes Brown's deficient performance. Under the totality of the circumstances, Kangas must first show that these statements fall under prosecutorial error in the first place.").

At the evidentiary hearing on Partridge's habeas corpus motion, his trial counsel testified that he did not specifically recall the offending comments but that, if he failed to object, he must have felt the comments did not rise to the level of prosecutorial error. Partridge's appellate counsel was not called to testify at the hearing.

A prosecutor has wide latitude to craft arguments that draw reasonable inferences from the evidence. He or she may not comment on facts outside the evidence and must accurately reflect the evidence and applicable law. Prosecutorial comments cannot be designed to inflame the passions or prejudices of the jury or otherwise divert the jury's attention from its duty to decide the case on the evidence and the controlling law. *State v. Anderson*, 308 Kan. 1251, 1261, 427 P.3d 847 (2018) (quoting *State v. Longoria*, 301 Kan. 489, 524, 343 P.3d 1128 [2015]). A prosecutor exceeds this wide latitude by expressing personal belief about the reliability or credibility of certain testimony because

6

those comments constitute unsworn, untested testimony. *State v. Duong*, 292 Kan. 824, 830, 257 P.3d 309 (2011).

Partridge contends that the prosecutor in his criminal trial exceeded the bounds of permissible argument by vouching for the credibility of his girlfriend during closing statements. The challenged comments occurred in the initial portion of the State's argument as the prosecutor discussed Partridge's intent.

> "Well, ladies and gentlemen, Michael Partridge testified that [the defendant] asked him to bring [B.C.] to [the defendant's] house. He wanted [B.C.] to come over because he wanted sex with [B.C.] He wanted to be alone with him. He didn't have access to him anywhere else. He had to get him to his house. So he asked his dad, Michael, [to] bring him. The defendant told [his girlfriend] what he had been doing. Now, he told her keep it a secret. Don't tell anybody. Now, counsel brought up the fact that [his girlfriend] had a previous conviction of dishonesty. Misdemeanor theft. So maybe that makes her— you're not supposed to believe her. She is not quite as truthful as she should be. But ladies and gentlemen, who vouches for her credibility? The defendant does in his own words. She was his girlfriend. She was his confidant. She was the only person that he trusted enough to ever tell what he had been doing to his nephew. You don't tell untrustworthy people those kinds of secrets, ladies and gentlemen. The defendant establishes her credibility."

Contrary to Partridge's argument, a prosecutor may properly draw inferences from the evidence that demonstrate a witness' credibility and argue those inferences to the jury. See *State v. Sean*, 306 Kan. 963, 980, 399 P.3d 168 (2017) ("[A] prosecutor does not act outside the wide latitude afforded if he or she merely observes that some reasonable inference about witness credibility may be drawn from evidence introduced at trial."); *Duong*, 292 Kan. at 831-32 ("The prosecutor drew reasonable inferences based on the evidence presented at trial and merely directed the jury to specific testimony.").

In the challenged portion of her comments, the prosecutor never expressed an opinion about the witness' credibility. She countered an inference raised by defense counsel's cross-examination of Partridge's girlfriend—that the girlfriend was not credible because she had a prior conviction for a crime of dishonesty. The prosecutor drew an inference from the evidence that Partridge told his girlfriend about the sexual abuse of B.C., concluding that Partridge must have found his girlfriend reliable and trustworthy.

As the district court noted, the prosecutor's argument at trial is not particularly persuasive. If the girlfriend's credibility is questionable, Partridge's potentially misplaced faith in her trustworthiness does not establish her trustworthiness. By testifying to comments Partridge made in confidence and urged her to keep secret, the girlfriend demonstrated her untrustworthiness with respect to Partridge. The girlfriend's willingness to break Partridge's trust and testify against him demonstrates that his trust in his girlfriend was misplaced. So asking the jury to find the girlfriend's trial testimony reliable and credible because Partridge trusted her is a peculiar bit of logic.

But an argument supported by weak logic does not constitute prosecutorial error. The prosecutor asked the jury to draw an inference from the evidence in the record—that Partridge informed his girlfriend of his sexual interactions with B.C. The prosecution invited the jury to make the reasonable inference that, at the time Partridge disclosed his abuse of B.C. to his girlfriend, he believed her to be trustworthy. Nothing about that argument is impermissible.

Because the argument was permissible, if ill-advised, we need not reach the prejudice component of Partridge's ineffective assistance of counsel claim. His trial counsel did not provide deficient representation in failing to object to prosecutorial comments within the wide latitude permitted the prosecutor, and appellate counsel did not provide deficient representation in failing to challenge the comments for the same reason.

But even if we found the prosecutor's comments impermissible because the inference she asked the jury to make required improper inference stacking, see *State v. Rice*, 261 Kan. 567, 586, 932 P.2d 981 (1997), Partridge cannot establish prejudice. His girlfriend's testimony was not the only evidence that Partridge had admitted to committing sexual acts with B.C. When he was interviewed by the police, he admitted to committing at least one sexual act with B.C. after providing him with methamphetamine. He also admitted to attempting such acts on an unspecified number of other occasions. Partridge did not effectively impeach the detective's testimony at trial, and the admissions support B.C.'s account. The evidence at trial, other than the girlfriend's testimony, was substantial enough to render the State's closing argument, if improper, harmless.

Because the issue of prosecutorial error would not have provided grounds for relief if trial counsel or appellate counsel had raised the issue, Partridge cannot establish the requisite prejudice necessary to support his claims of ineffective assistance of counsel.

Affirmed.