NOT DESIGNATED FOR PUBLICATION

No. 124,163

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TRAVIS KNIGHTEN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Opinion filed July 29, 2022. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Travis Knighten appeals the district court's summary denial of his untimely K.S.A. 60-1507 motion. Because Knighten offers new explanations on appeal for his delay in filing his motion, his arguments are unpreserved. We affirm the district court's dismissal of his motion.

1

*Knighten's trial and direct appeal*

For crimes committed in May 2011, a jury convicted Knighten of murder in the second degree and aggravated battery. The district court sentenced him to 294 months in prison with 36 months of postrelease supervision, to be served consecutive to a 24-month sentence imposed in a separate case.

Knighten appealed, but another panel of this court found merit in only one of his claims. See *State v. Knighten*, 51 Kan. App. 2d 417, 422, 347 P.3d 1200 (2015). The court affirmed in part, reversed in part, dismissed in part, and remanded the case to conduct a *Batson* hearing. *Knighten*, 51 Kan. App. 2d at 436; see *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). This court issued the mandate for its decision in Knighten's direct appeal on August 25, 2015.

At Knighten's remand hearing, the district court denied his *Batson* challenge, finding the State provided sufficient race-neutral explanation for both the peremptory challenges at issue and that Knighten had not met his burden of proving purposeful discrimination. The record contains no evidence that Knighten appealed this ruling. The same counsel represented him at his remand hearing and at trial. He also appeared at this hearing in person.

*Knighten's K.S.A. 60-1507 motion*

Over four years later, on February 20, 2020, Knighten filed a pro se K.S.A. 60-1507 motion alleging various claims of ineffective assistance against his trial counsel. Knighten asked the district court to appoint counsel to represent him and conduct a full evidentiary hearing where he could present evidence to support his claims.

Knighten conceded that he filed his motion outside the statutory one-year time limit but argued his untimely filing was excusable. He alleged that his counsel did not tell him the date that his petition for review was denied and thus he did not know he needed to file any additional motions. The district court appointed new counsel to help Knighten amend his motion before deciding whether to hold a preliminary hearing or dismiss the motion.

In his amended motion, Knighten repeated his assertion that his appellate counsel failed to notify him of the denial of his petition for review and that this failure prevented him from filing his motion on time. Knighten also alleged that he was denied a fair trial based on the ineffective assistance of his counsel in (1) failing to ensure that he was present in court at all critical stages of the proceedings; (2) failing to properly litigate the *Batson* challenge, both at trial and at the remand hearing; (3) failing to obtain a lesser included jury instruction for voluntary manslaughter; (4) acquiescing in and failing to object to the use of a transcript of a deceased witness; (5) convincing Knighten not to testify at trial; and (6) failing to perform case management and warn Knighten of the effects of disposing other cases before disposing of the murder conviction, which adversely impacted his criminal history score at sentencing.

The district court summarily dismissed Knighten's K.S.A. 60-1507 motion after determining that an extension of the one-year filing deadline was not warranted, based on the motion, files, and records of the case. The district court found that Knighten could not show that denial of his motion would lead to manifest injustice, as required to excuse his untimely filing, based on the reason given for the delay. The district court found that Knighten had constructive notice that the Court of Appeals had issued its mandate (and by implication, that the Supreme Court had denied his petition for review) since he was present at the remand hearing.

3

*Knighten provides new explanations for his delay in filing on appeal.*

Knighten now argues the district court erred in summarily denying his motion, claiming he made a sufficient showing of manifest injustice to warrant a preliminary hearing. The problem is he offers different arguments on appeal than he made below.

Before the district court, Knighten contended his appellate counsel did not tell him about the date his petition for review was denied, which prevented him from filing his motion on time. He does not make this argument on appeal, so it is abandoned. See Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 35); see also *State v. Valdez*, 314 Kan. 310, 312, 498 P.3d 179 (2021) (issue is waived or abandoned if not briefed). Instead, he argues the delay stemmed from his appellate counsel's failure to inform him of his possible options following the termination of his direct appeal, including filing a K.S.A. 60-1507 motion, or the time limit to do so.

In general, an appellate court will not address an argument raised for the first time on appeal, although there are limited exceptions to that rule. Within its discretion, an appellate court may consider a newly raised argument if the party trying to raise the new argument shows that a recognized exception applies. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). But when a litigant raising an argument for the first time on appeal fails to explain why an exception should apply, an appellate court may consider it abandoned as improperly briefed. *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014).

Knighten does not concede that he is making this argument for the first time on appeal and identifies no applicable exception to the general rule. Instead, he contends that he raised this argument before the district court. He claims that in his pro se motion, he "specifically point[ed] out that his appellant counsel *did not* discuss potential remedies nor time limitations for those remedies."

4

But in his pro se motion, Knighten claimed that he "was not informed by his appellate counsel of the date that the petition for review was denied" and that he therefore "had no knowledge of the need to file any subsequent motions." Similarly, he also argued that he "was not made aware that the petition for review had been denied and could not reasonably be expected to understand that he was required to file a motion under [K.S.A. 60-1507] within 1 year."

Before the district court, Knighten did not claim ignorance as to the time limit itself, but ignorance about whether the time limit had begun to run. Indeed, in his amended motion, which Knighten and his appointed counsel submitted almost eight months later, he identified only one excuse for the delay in filing: the failure of Knighten's appellate counsel to inform him of the denial of his petition for review.

Although he does not specifically say so, Knighten appears to be asking us to construe his pro se pleading liberally to find that he raised this argument before the district court. And Kansas courts are required to liberally construe pro se pleadings. *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018). But this rule merely requires us to interpret pro se pleadings based on their contents and not solely on their title or labels. *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019). As the Kansas Supreme Court has instructed: "'Liberal rules of construction cannot transform the reality of a pleading's content or the arguments being advanced, even when a litigant is pro se.'" *State v. Hankins*, 304 Kan. 226, 231, 372 P.3d 1124 (2016).

Because Knighten did not raise the reasons he now claims his motion was untimely before the district court, nor does he identify any exception which allows us to consider his unpreserved arguments, we cannot consider these new arguments on appeal.

Affirmed.