IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 128,401

STATE OF KANSAS,
*Appellee*,

v.

DALE M.L. DENNEY,
*Appellant*.

SYLLABUS BY THE COURT

Courts construe pro se postconviction motions liberally when deciding whether to treat them as motions to correct an illegal sentence under K.S.A. 22-3504 or motions seeking habeas corpus relief under K.S.A. 60-1507. Courts consider the relief requested rather than adhere to formulaic pleading requirements. Relevant factors include how the defendant titled the motion, whether the defendant filed it under the criminal case number or as an independent civil action, whether the defendant used the Judicial Council forms for a K.S.A. 60-1507 motion, and the motion's content—including, which statutory provisions, caselaw, and legal principles it cited.

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Submitted without oral argument October 30, 2025. Opinion filed January 16, 2026. Affirmed.

*Wendi C. Miller*, of Kechi, was on the briefs for appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

WALL, J.: Since a jury convicted Dale M.L. Denney of multiple violent sex crimes in 1993, he has filed many postconviction challenges. See, e.g., *Denney v. Zmuda*, No. 128,536, 2025 WL 2427759 (Kan. App. 2025) (unpublished opinion) (K.S.A. 60-1501 petition); *Denney v. State*, No. 126,784, 2024 WL 3738410 (Kan. App. 2024) (unpublished opinion) (K.S.A. 60-1507 motion); *State v. Denney*, No. 125,436, 2024 WL 1231154 (Kan. App. 2024) (unpublished opinion) (motion for DNA testing); *State v. Denney*, No. 105,681, 2012 WL 402012 (Kan. App. 2012) (unpublished opinion) (illegal-sentence motion). This appeal is his latest.

Denney appeals the district court's denial of his illegal-sentence motion. He argues that procedural errors during sentencing deprived the court of jurisdiction. But district courts possess general jurisdiction over criminal matters, including sentencing. See Kan. Const. art. 3, § 6(b); K.S.A. 20-301. And Denney offers no authority suggesting that procedural errors divest a court of subject-matter jurisdiction. We affirm.

FACTS AND PROCEDURAL BACKGROUND

Denney filed his illegal-sentence motion pro se in 2023. The motion focused on a psychological evaluation that the district court ordered three months before trial. Denney argued that sentencing statutes required the court to include the evaluation in the record and consider it at sentencing. Because the court failed to do so, he contended, the sentencing stage never concluded. The court thus lacked jurisdiction to impose his sentences. See K.S.A. 22-3504(c)(1) (a sentence imposed "by a court without jurisdiction" is illegal).

2

The district court appointed an attorney to represent Denney on the motion. That attorney filed a reply that significantly expanded Denney's claims. She argued that the trial court's order for the evaluation necessarily showed that it had found Denney mentally incompetent to stand trial. And the fact that it proceeded anyway "deprive[d] [Denney] of his constitutional right to a fair trial and render[ed] the conviction void." In her view, the court's procedure "constitute[d] an extraordinary circumstance warranting equitable tolling of an untimely filing of a habeas petition."

The district court summarily denied Denney's motion on two grounds. First, the evaluation occurred months before trial and was not part of the sentencing phase. So the law didn't require the court to include it in the sentencing record. Second, the evaluation was "not related in any way to Denney's competence." The court took judicial notice of an earlier case in which Denney had alleged that a competency issue was raised before trial but not resolved. In that case, the court held a non-evidentiary hearing. Denney's counsel reported speaking with trial counsel, who said the evaluation's purpose was to explore a possible mental-disease-or-defect defense.

Denney timely appealed. We placed this matter on the October 2025 summary-calendar docket, so we did not hold oral argument. We decide this case based on the briefs and the record. See Supreme Court Rule 7.01(c)(4) (2025 Kan. S. Ct. R. at 42).

ANALYSIS

We address this appeal in four steps. First, we decide whether to treat Denney's filing as an illegal-sentence or habeas corpus motion. Under established precedent, Denney's motion is properly construed as an illegal-sentence motion. Second, we address our appellate jurisdiction and confirm it is proper. Third, we reject Denney's constitutional challenges because an illegal-sentence motion is an improper vehicle for

3

raising those challenges. Finally, we reject Denney's illegal-sentence claims on the merits. District courts possess general jurisdiction over criminal sentencing. And Denney has not explained how a district court's failure to consider a psychological evaluation would divest it of that jurisdiction.

I. *Denney's motion is properly construed as an illegal-sentence motion under K.S.A. 22-3504.*

An illegal-sentence motion alleges that a defendant's sentence (1) was imposed by a court without jurisdiction, (2) fails to conform to the applicable sentencing statutes, or (3) is ambiguous with respect to the time and manner in which it is to be served. K.S.A. 22-3504(c)(1). A habeas corpus motion attacks a sentence on different grounds. A defendant typically argues that he or she should be released from custody because "the sentence was imposed in violation" of the state or federal Constitution. K.S.A. 2024 Supp. 60-1507(a).

Denney framed his motion as one under K.S.A. 22-3504. But his appointed attorney also raised constitutional issues related to competency that sound in habeas corpus. The parties haven't addressed a threshold question—should the court treat Denney's filing as an illegal-sentence or a habeas corpus motion? We must answer that question to confirm our appellate jurisdiction and the issues properly before us.

Courts interpret pro se pleadings based on their contents, not solely on their title or labels. *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019). In construing pro se postconviction motions, a court should consider the relief requested rather than adhere formulaically to pleading requirements. 310 Kan. at 18. But limits exist. A court need not "divine every conceivable interpretation of a motion, especially when a litigant repeatedly asserts specific statutory grounds for relief and propounds arguments related to that specific statute." 310 Kan. at 18.

4

In *Redding*, our court considered several factors when deciding whether to construe a motion under K.S.A. 22-3504 or K.S.A. 60-1507. The court looked at how the defendant titled the motion, whether he filed it under the criminal case number or as an independent civil action, whether he used the Judicial Council forms for a K.S.A. 60-1507 motion, and, of course, the motion's content—including, which statutory provisions, caselaw, and legal principles it cited. 310 Kan. at 19-20.

These factors lead us to conclude that Denney filed an illegal-sentence motion under K.S.A. 22-3504. He styles it that way. He cites the illegal-sentence statute and caselaw repeatedly. He frames his claims under the statute's lacking-jurisdiction prong. And only in his final paragraph does Denney mention competency. Even there he asks the court to appoint counsel to "file the appropriate vehicle" if the court finds that the evaluation was ordered for competency rather than sentencing purposes.

Denney's attorney raised constitutional competency claims in a district-court reply and on appeal. But those claims appear nowhere in Denney's pro se motion. He filed the motion in his criminal case and did not use the Judicial Council forms for habeas motions. Denney has filed multiple K.S.A. 60-1507 motions before, so he knows the difference. See, e.g., *Denney,* 2024 WL 3738410, at *1; *Denney v. State*, No. 124,883, 2023 WL 3402876 (Kan. App. 2023) (unpublished opinion). And he has not challenged the district court's decision to construe his motion under K.S.A. 22-3504.

II.  *We have appellate jurisdiction.*

Had we construed the motion under K.S.A. 60-1507, we would lack appellate jurisdiction. Habeas motions are civil actions. See Supreme Court Rule 183(a)(1) (2025 Kan. S. Ct. R. at 236). And with limited exceptions, civil appeals must first go to the Court of Appeals. See K.S.A. 2024 Supp. 60-2102(a)-(b); Rule 183(k).

5

But an illegal-sentence motion is part of the criminal case, not a separate civil action, so the criminal appeals statutes govern. A defendant may appeal any final judgment entered against them, subject to limitations not relevant here. *State v. Mitchell*, 320 Kan. 775, 777, 571 P.3d 604 (2025); see K.S.A. 22-3602(a). The final judgment is typically the sentence. *State v. Tafoya*, 304 Kan. 663, 666-67, 372 P.3d 1247 (2016). But some statutes give defendants rights that they may exercise after conviction. The illegal-sentence statute is one. See K.S.A. 22-3504(a) (court may correct an illegal sentence "at any time while the defendant is serving such sentence"). Defendants invoke such rights by filing a new matter in their criminal case. See *State v. Haynes*, 320 Kan. 768, 770, 571 P.3d 599 (2025). And parties may appeal final orders resolving those matters. 320 Kan. at 769-70.

Those appeals usually go to the Court of Appeals. See K.S.A. 22-3601(a). But our court is the proper forum in certain circumstances. One such circumstance is when "a maximum sentence of life imprisonment has been imposed." K.S.A. 22-3601(b)(3). And here, Denney received an indeterminate sentence of 36 years to life under the pre-guidelines sentencing scheme. See K.S.A. 1992 Supp. 21-4501(b); K.S.A. 1992 Supp. 21-4504. We therefore have jurisdiction over this appeal.

III. *Denney's constitutional claims are not properly before this court.*

Denney's appellate brief reasserts constitutional arguments that his appointed attorney first raised in the district court but that appear nowhere in his pro se motion. The brief argues that the trial judge found Denney mentally incompetent to stand trial three months before trial. Appellate counsel says that finding is inherent in the order for a psychological evaluation. And because the court failed to hold a required competency hearing, Denney contends, his constitutional right to a fair trial was violated and his conviction is void.

6

The State argues that res judicata bars these claims because a Court of Appeals panel previously found no evidence that competency was at issue during Denney's trial. *Denney*, 2021 WL 3701164, at *6. But we need not address that argument.

As Denney himself recognized in his pro se brief, a "motion to correct illegal sentence under K.S.A. 22-3504(1) is an improper procedural vehicle for a constitutional claim." *State v. Warrior*, 303 Kan. 1008, Syl., 368 P.3d 1111 (2016). The constitutional competency issues are not properly before us. We turn to Denney's illegal-sentence claim.

IV. *Denney has not shown that his sentence is illegal.*

A sentence is illegal if it (1) is imposed by a court without jurisdiction, (2) fails to conform to the applicable statutory provisions, either in character or punishment, or (3) is ambiguous with respect to the time and manner in which it is to be served. K.S.A. 22-3504(c)(1). Whether a sentence is illegal is a question of law over which appellate courts exercise unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). Denney bears the burden of providing an evidentiary basis to support his motion— conclusory assertions are not enough. *State v. Patterson*, 262 Kan. 481, 485-86, 939 P.2d 909 (1997).

Denney argues that the court lacked jurisdiction to impose sentence because it violated two statutes. First, K.S.A. 1992 Supp. 21-4605(a)(1) required the court to include sentencing-related reports in the record. Denney's psychological report is not there. Second, K.S.A. 1992 Supp. 21-4606(a) required the court to consider several factors when fixing the minimum term of a pre-guidelines sentence, including the "history, character and condition of the defendant." Denney believes that language

7

required the sentencing court to consider his mental condition as described in the psychological evaluation. He contends that these violations left the sentencing phase incomplete and the court without jurisdiction.

Subject-matter jurisdiction is the "power of the court to hear and decide a particular type of action." *State v. Dunn*, 304 Kan. 773, 784, 375 P.3d 332 (2016). This power comes from the Kansas Constitution, which gives district courts jurisdiction as determined by statute. Kan. Const. art. 3, § 6(b); *Dunn*, 304 Kan. at 784. Unless another law provides otherwise, K.S.A. 20-301 gives district courts "general original jurisdiction" over all criminal matters. And K.S.A. 22-2601 gives district courts "exclusive jurisdiction to try all" felony cases. Trying a felony case includes sentencing. Denney has not explained how the court's alleged failure to consider the evaluation deprived it of jurisdiction. He assumes that this alleged procedural error can divest a court of subject-matter jurisdiction. But he offers no authority for that proposition. And our precedent suggests otherwise. See, e.g., *State v. Jordan*, 317 Kan. 628, 645, 537 P.3d 443 (2023) (alleged error in court's decision to substitute indictment did not deprive district court of jurisdiction); *State v. Valdez*, 314 Kan. 310, 313-14, 498 P.3d 179 (2021) (court's failure to advise defendant during certification to stand trial as adult did not deprive court of jurisdiction to sentence); *Dunn*, 304 Kan. at 811-12 (defect in charging document does not divest district court of jurisdiction).

Still, we read postconviction motions liberally. *Haynes*, 320 Kan. at 770. And Denney's motion could be framed as raising a different argument. K.S.A. 22-3504 renders a sentence illegal if it fails to "conform to the applicable statutory provision, either in character or punishment." K.S.A. 22-3504(c)(1). The sentencing court was required to consider the "history, character and condition" of Denney when determining the minimum term. So Denney's argument may be that his sentence failed to conform to this statutory requirement because the court ignored the evaluation.

8

But even under this framing, Denney gets no relief. The statutory definition of an illegal sentence is "narrow." *State v. Johnson*, 317 Kan. 458, 462, 531 P.3d 1208 (2023). And we have held that a court's failure "'to comply with the statutory provision requiring the court to consider the factors listed in K.S.A. 21-4606'" does not fall within the illegal-sentence statute's definition. *State v. Rojas*, 280 Kan. 931, 933, 127 P.3d 247 (2006). Denney does not challenge this precedent.

The district court order denying Denney's illegal-sentence motion is affirmed.

LUCKERT, J., not participating.